IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANDRE MIQUEL PRICE,

                    Plaintiff,

            v.                                                OPINION and ORDER

PEPIN CNTY., WIS., CHIEF DEPUTY MATTHEW                        25-cv-551-jdp
ROESLER, and DEPUTY GIL NUNEZ,

                    Defendants.

---

Plaintiff Andre Miquel Price, proceeding without counsel, alleges that he was falsely arrested for operating a motor vehicle while intoxicated (OWI). Price has paid the full filing fee, but I have the authority to "screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Price's OWI citation was ultimately dismissed, but his related citation for operating a motor vehicle with a restricted controlled substance in his blood is pending. I will stay this case because adjudicating Price's claims would unduly interfere with his pending traffic forfeiture proceeding.

BACKGROUND

The background is drawn from Price's complaint and the docket sheets related to his citations for OWI and operating a motor vehicle with a restricted controlled substance. *See* Pepin County case nos. 2024TR769 and 2025TR346.

On October 15, 2024, Price's vehicle was stopped and Price was issued a citation for OWI under Wis. Stat. § 346.63(1)(a). Price was "arrested and submitted to a warrantless blood

draw." Dkt. 5 at 1. In early November 2024, the Wisconsin State Laboratory of Hygiene reported that ethanol was not detected in Price's blood sample.

The OWI proceeding continued into 2025. Price pleaded not guilty in January, and he moved to dismiss the OWI citation for lack of probable cause in June. At a July 2025 motion hearing, the prosecutor moved to dismiss the OWI citation and the motion was granted.

Meanwhile, in late May 2025, the citation for operating a motor vehicle with a restricted controlled substance in violation of Wis. Stat. § 346.63(1)(am) was filed in the '346 traffic forfeiture proceeding. Price pleaded not guilty to that citation in July 2025. The '346 proceeding is pending.

ANALYSIS

Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). *Younger* was initially limited to pending state criminal prosecutions, but it was later extended to state judicial and administrative proceedings in which important state interests are at stake, including noncriminal proceedings that bear a close relationship to criminal proceedings. *Forty One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 665 (7th Cir. 2007). Wisconsin traffic forfeiture proceedings "have certain aspects of criminal proceedings." *Dane Cnty. v. Crossfield*, 2013 WI App 84, ¶ 2 & n.2, 348 Wis. 2d 764. *Younger* applies to both claims for injunctive relief and damages. *Simpson v. Rowan*, 73 F.3d 134, 137–38 (7th Cir. 1995). If *Younger* applies and the plaintiff seeks damages, courts must stay the case instead of dismissing it. *See id.*; *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

2

Price alleges that he was unlawfully stopped and cited for OWI without probable cause, and he notes that the '769 proceeding was dismissed based on a negative ethanol test. But Price was also cited for operating a motor vehicle with a restricted controlled substance in the '346 proceeding in connection with the same traffic stop and blood draw, and that proceeding is pending. Adjudicating Price's claims based on the dismissal of the '769 proceeding would unduly interfere with the '346 proceeding given that the proceedings involve overlapping facts. So I will stay this case pursuant to *Younger*.

Price also moves the court to direct the clerk to issue summonses because he's paid the full filing fee. Dkt. 7. I will deny this motion as moot because I am staying the case. But I note my authority to screen complaints filed by all litigants regardless of fee status. *Rowe*, 196 F.3d at 783.

## ORDER

IT IS ORDERED that:

1. This case is STAYED and CLOSED pursuant to *Younger*.

2. Price must move to lift the stay within 30 days after the conclusion of the '346 proceeding, including any direct appeal. If Price fails to comply with this order, the case will remain closed, and Price may be barred by the statute of limitations from bringing his claims in any future case.

3. Plaintiff's motion for issuance of summonses, Dkt. 7, is DENIED as moot.

Entered October 28, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3